966 F.2d 1456
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
MORRIS B. CHAPMAN & ASSOCIATES, LTD., Plaintiff-Appellant,
v.
ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION, and John
C. O'Malley, Administrator, Defendants-Appellees.
 No. 91-1783.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 14, 1992.
Decided June 3, 1992.
 
 BAUER, Chief Judge, and COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 On December 20, 1989, attorneys and law partners Morris Chapman and Terrence V. O'Leary, their firm, their associates, and one of their clients brought this action in the district court seeking a declaratory judgment that Rule 5-103(b) of the Illinois legal ethics code, Code of Professional Responsibility Rule 5-103(b), Ill.Rev.Stat. ch. 110A, Canon 5,[1] violates several of their federal constitutional rights. The action was provoked by a pending investigation by the Attorney Registration and Disciplinary Commission ("ARDC"), the body created by the Illinois Supreme Court to supervise attorney disciplinary proceedings in Illinois. Chapman and O'Leary are the targets of that investigation. Its purpose is to determine if their practice of co-signing personal loans for clients who assert claims under the Federal Employers' Liability Act ("FELA") violates Rule 5-103(b), which prohibits a lawyer from advancing or guaranteeing financial assistance to a client. As of the date of oral argument, the investigation remained pending without a complaint having been issued by the ARDC's Inquiry Board.
 
 
 2
 The ARDC responded by filing a motion to dismiss, asserting that the district court should abstain under Younger v. Harris, 401 U.S. 37 (1971). Fearing that result, plaintiffs successfully moved to amend their complaint and dismiss Chapman and O'Leary (the only parties under investigation) from the case. When the ARDC renewed its motion, the district court granted it. The court invoked Younger abstention as to the law firm and the associates, and ruled it had no jurisdiction over the plaintiff-client because there was no case or controversy.
 
 
 3
 Counsel filed a notice of appeal with this court on April 1, 1991, listing the plaintiffs as "Morris B. Chapman & Associates, Ltd., et al." Record on Appeal. Our rules, however, require that the "notice of appeal shall specify the party or parties taking the appeal." Fed.R.App.P. 3(c). In Torres v. Oakland Scavenger Co., 487 U.S. 312, 318 (1988), the Supreme Court considered whether the use of et al. complied with Rule 3(c). The Court held that et al. fails to conform with the rule because it fails to give notice of the identity of the appellant or appellants either to the opposition or the court. Consequently, we have no jurisdiction to hear the appeals of the associates and the client. As did the Torres Court, we "recognize that construing Rule 3(c) as a jurisdictional prerequisite leads to a harsh result in this case, but we are convinced that the harshness of our construction is 'imposed by the legislature and not by the judicial process.' " Id. (quoting Schiavone v. Fortune, 477 U.S. 21, 31 (1986)).
 
 
 4
 That leaves the law firm as the only party before us. And again, we must determine whether we have jurisdiction to hear its appeal. Its claim is that enforcement of Rule 5-103(b) will interfere significantly with its ability to engage in FELA litigation. It is not suggesting that it will be wholly prevented from conducting the business of the practice of law. Its complaint is that its attorney-members will not be able to engage in one area of legal work, FELA claims, as extensively as they have in the past. This does not constitute an injury for the purposes of the Constitution's case or controversy requirement. See Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) (injury must already have been sustained, or be immediate, and must be the direct result of the challenged official conduct).
 
 
 5
 In its Memorandum and Order, the district court indicated that under the Rules of the Illinois Supreme Court, the law firm might be held vicariously liable for the conduct of its attorney-members. See Ill.S.Ct.R. 721(b), Ill.Rev.Stat. ch. 110A, para. 721(b) (effective July 1, 1980). Two sentences contain the key language:
 
 
 6
 Any attorney who by act or omission causes the corporation or association to act in any way which violates the standards of professional conduct, including any provision of this rule, is personally responsible for such act or omission and is subject to discipline therefore. Any violation of this rule by the corporation or association is a ground for the court to terminate or suspend the right of the corporation or association to practice law or otherwise to discipline it.
 
 
 7
 Id. But, if the firm is at risk of being disciplined--or worse, involuntarily dissolved--that risk is derivative of the risk of its attorney-members who may face disciplinary actions. As we said at the outset, however, the ARDC's Inquiry Board has not issued a complaint against any member of the law firm. And even if it does, neither the district court nor the parties cite any case in which Rule 721(b) has been invoked. And we can find no reported cases that indicate the Illinois Supreme Court has ever held a law firm vicariously liable for the conduct of its attorney-members.
 
 
 8
 It is clear then, in the case's present posture, there simply is no immediate or direct threat to the law firm. Steffel v. Thompson, 415 U.S. 452 (1974), cannot save the law firm's claim. Unlike the plaintiffs in Steffel, neither the firm nor its members have been charged, and the firm has not been warned that it will be charged. The firm's claim is more analogous to that of the plaintiff in Poe v. Ullman, 367 U.S. 497 (1967): a "chimerical ... fear of enforcement of provisions that have during so many years gone uniformly and without exception unenforced." Id. at 508.
 
 
 9
 We conclude, therefore, that the law firm fails to raise a case or controversy. As a result, we have no jurisdiction to hear this appeal.
 
 
 10
 APPEAL DISMISSED.
 
 
 
 [1]
 Effective August 1, 1990, the Illinois Supreme Court replaced the Code of Professional Responsibility with the Illinois Rules of Professional Conduct ("IRPC"). The corresponding rule under the IRPC is essentially unchanged. See Illinois Rules of Professional Conduct, Ill.Rev.Stat. ch. 110A, Rule 1.8(d)